GREGORY R. MARLOR
528 W. Grove St. Apt 407
Boise, ID, 83702
208-608-0009
Marlor1983ada@gmail.com

UNITED STATES DISTRICT COURT

OF APPEALS

FOR THE NINTH DISCTRICT`

| | |
|---|---|
| GREGORY R. MARLOR<br><br>vs.<br><br>GOODIN, et al.<br>(ADA COUNTY) | Docket Number.: 25-6341<br><br>ORIGINATING CASE NO.: 1:25-CV-00003-BLW<br><br>APPELLANT'S SECOND AMENDED INFORMAL OPENING BRIEF |

APPELLANT'S SECOND AMENDED INFORMAL OPENING BRIEF

I. QUESTIONS PRESENTED

1. Whether the District Court committed reversible error at screening by failing to accept Appellant's plausible factual allegations as true, including record-supported allegations of concealment, altered discovery, and cognitive incapacity, which—taken as true—support tolling and relief. (ER 13–22; ER 23–42; ER 43–154; ER 164–278; ER 331–333; ER 453–460; ER 844–850; ER 851–853.)

2. Whether the District Court erred by failing to apply Idaho's tolling principles under Idaho Code §§ 5-230 and 5-236, where the ER shows coexisting disabilities at accrual that prevented the limitations period from attaching until those disabilities were removed. (ER 23–42; ER 43–154; ER 461–843.)

3. Whether the District Court erred by treating isolated administrative activity as evidence of "sanity" and litigation capacity while disregarding record evidence that Appellant's cognitive impairments prevented timely legal action and that the full scope of injuries and responsible parties was not reasonably discoverable until late 2023. (ER 1–12; ER 23–42; ER 43–154; ER 461–843.)

4. Whether the District Court erred by disregarding Appellant's Second Notice of Intent (2024), which materially expanded notice to additional parties and claims beyond the First Notice of Tort Claim (2021), and by failing to account for this step in its timeliness analysis. (ER 281–285; ER 343–452; ER 1–12.)

5. Whether the District Court erred by rejecting equitable tolling and equitable estoppel principles where the ER shows omissions, inconsistencies, and concealment in discovery and evidence-handling materials—including partial digital extraction, missing/late-produced pages, and evidence-log irregularities—that delayed discovery of critical facts and actors. (ER 331–333; ER 453–460; ER 844–850; ER 851–853.)

6. Whether dismissal with prejudice—after imposing a short deadline for evidentiary submissions despite acknowledged cognitive impairments and without meaningful leave to amend—violated due process and Ninth Circuit standards applicable to pro se litigants. (ER 1–12; ER 13–22.)

## II. JURISDICTION

The District Court dismissed this action with prejudice on September 6, 2025. (ER 1–12.) Appellant filed a timely notice of appeal on September 30, 2025. (ER 1–12.) This Court has jurisdiction under 28 U.S.C. § 1291.

## III. STATEMENT OF THE CASE (PROCEDURAL HISTORY)

The screening court did not immediately terminate this case. Instead, it granted in forma pauperis status for purposes of filing and expressly directed Appellant to submit a memorandum addressing timeliness and any applicable tolling or estoppel doctrines, while restricting further filings pending additional review. (ER 13–22.) Appellant complied by filing the ordered timeliness and tolling memorandum. (ER 23–42.) Only after requiring and receiving that briefing did the District Court dismiss the complaint with prejudice as untimely. (ER 1–12.)

This sequence is significant. By directing additional briefing, the District Court treated timeliness as an unresolved issue requiring further consideration. Yet, after ordering and receiving the very showing it requested, the Court dismissed with prejudice without meaningfully addressing the tolling and estoppel arguments presented. (ER 13–22; ER 23–42; ER 1–12.)

## IV. STATEMENT OF FACTS (ER ROADMAP)

A. Two Distinct Tort Notices: 2021 Notice vs. 2024 Notice

Appellant filed an initial Notice of Tort Claim in October 2021, early in the post-release period, before the full scope of injuries or all responsible parties were known. (ER 281–285.) In July 2024, after later discovery and recovery of cognitive capacity, Appellant filed a Second Notice of Intent that materially expanded notice to additional parties and theories based on later-discovered facts. (ER 343–452.) The District Court's limitations analysis treated early administrative activity as dispositive and did not account for this expanded notice. (ER 1–12.)

B. Disability and Cognitive Impairment Evidence

The Narrative of Facts describes coexisting disabilities, including Long COVID–related executive dysfunction, PTSD, and stroke-related impairment, and explains that capacity to organize evidence and recognize legal causation returned gradually, with critical discovery occurring in 2023. (ER 43–154.) The ER also includes extensive jail medical records documenting serious medical conditions and COVID-related risks. (ER 461–843.)

C. Concealment, Evidence-Handling, and Discovery Irregularities

The ER documents multiple disclosure and evidence-integrity discrepancies, including: an ICR-16 request that included VPH/Radio items in the jail copy but omitted them from filed versions (ER 453–460); omitted discovery pages later produced separately (ER 844–850); a forensic examiner report documenting only a partial data extraction from Appellant's iPhone and describing the evidence chain through the prosecutor (ER 851–853); and a declaration relevant to forensic access and incompleteness (ER 331–333). (ER 23–42; ER 43–154; ER 164–278; ER 331–333; ER 453–460; ER 844–850; ER 851–853.)

The Narrative of Facts also explains how ambiguous or shifting explanations and missing corroboration can mask critical facts for years—particularly where key records (dispatch, property/evidence logs, and digital extraction artifacts) are incomplete, late-produced, or internally inconsistent. (ER 43–154; ER 844–850; ER 851–853.)

D. Contextual Background

The ER includes press materials concerning Sheriff Stephen Bartlett's retirement and related public statements denying constitutional violations. (ER 860–867.) Appellant relies on these items only as contextual support relevant to institutional incentives and estoppel, not for their truth or as a basis for fact-finding at screening. (ER 860–867.)

V. SUMMARY OF ARGUMENT

The dismissal should be reversed because the ER shows coexisting disabilities that prevented the limitations period from attaching under Idaho Code § 5-236, and additional tolling under Idaho Code § 5-230 for legal disability and extraordinary barriers. (ER 23–42; ER 43–154; ER 461–843.)

The District Court improperly treated isolated administrative acts as proof of capacity, disregarded the Second Notice of Intent filed after later discovery, and ignored record-supported concealment relevant to equitable estoppel and delayed discovery. (ER 1–12; ER 281–285; ER 343–452; ER 331–333; ER 453–460; ER 844–850; ER 851–853.)

Finally, dismissal with prejudice at screening—after restricting filings and ordering limited briefing—without meaningful leave to amend violated Ninth Circuit standards for pro se litigants. (ER 13–22; ER 1–12.)

## VI. ARGUMENT

### A. The District Court Applied an Improper Screening Standard

At screening, the court must accept plausible allegations as true and may not resolve factual disputes or demand evidentiary proof beyond what is required at the pleading stage. Appellant submitted detailed, record-supported allegations of disability, concealment, and delayed discovery, including a memorandum specifically ordered to address timeliness and tolling. (ER 13–22; ER 23–42; ER 43–154.) The District Court nonetheless dismissed with prejudice on limitations grounds. (ER 1–12.)

### B. Idaho Tolling Applies Due to Coexisting Disabilities and Legal Disability

The ER documents coexisting cognitive disabilities that impaired capacity at accrual and prevented attachment of the limitations period under Idaho Code § 5-236. (ER 43–154; ER 461–843.) The ER also supports tolling under Idaho Code § 5-230 for legal disability and other cause or reason, subject to the statutory cap. (ER 23–42; ER 43–154; ER 461–843.)

### C. Administrative Activity Was Improperly Treated as Proof of Capacity

The District Court inferred litigation capacity from early administrative acts. (ER 1–12.) The ER, however, explains that these acts occurred before full discovery of injuries and parties and during a period of severe cognitive impairment. (ER 23–42; ER 43–154; ER 461–843.) Administrative steps taken while cognitive function was impaired and while key facts were not reasonably discoverable cannot be treated as dispositive proof of capacity or timeliness. (ER 23–42; ER 43–154.)

### D. The Second Notice of Intent Was Disregarded

The ER contains two distinct notices: the 2021 Notice (ER 281–285) and the broader 2024 Second Notice reflecting later-discovered facts and parties (ER 343–452). The District Court's analysis did not account for this expanded notice and instead treated the administrative history as static. (ER 1–12.)

E. Concealment, Incomplete Disclosures, and Evidence-Integrity Disputes Support Equitable Estoppel

The ER documents omissions and discrepancies in discovery and evidence handling, including missing VPH/Radio items, omitted pages later supplied separately, and partial forensic extraction artifacts. (ER 331–333; ER 453–460; ER 844–850; ER 851–853.) These are not minor clerical defects; they go to what evidence existed, when it was discoverable, and whether key facts were reasonably available to Appellant earlier. (ER 23–42; ER 43–154; ER 164–278.)

The forensic examiner report further reflects that only a “partial” extraction was obtained from the iPhone, despite steps described to preserve the device’s state (airplane mode and faraday handling), and documents the evidence chain through the prosecutor’s office. (ER 851–853.) When the record itself reflects partial extraction and contested evidence integrity, equitable estoppel and delayed discovery principles are directly implicated and cannot be resolved against Appellant at screening. (ER 23–42; ER 43–154; ER 851–853.)

F. Dismissal With Prejudice Without Meaningful Leave to Amend Was Error

After ordering limited briefing on timeliness and restricting further filings, the District Court dismissed the case with prejudice. (ER 13–22; ER 1–12.) Given record evidence of disability, lack of discovery tools, and later-developed facts—including the Second Notice of Intent and documented disclosure irregularities—dismissal without meaningful leave to amend deprived Appellant of a fair opportunity to cure and develop claims. (ER 13–22; ER 1–12; ER 343–452; ER 43–154; ER 844–850; ER 851–853.)

VII. RELIEF REQUESTED

Appellant respectfully requests that this Court vacate or reverse the dismissal order, hold that the limitations analysis must account for disability tolling, concealment, and the Second Notice of Intent, and remand for adjudication on the merits. (ER 1–12.)

Respectfully submitted,

Gregory R. Marlor
Gregory R. Marlor
Appellant, Pro Se

May 4, 2026